SEEMA NANDA
Solicitor of Labor
MARC A. PILOTIN
Regional Solicitor
KATHERINE E. CAMERON
Associate Regional Solicitor
HAILEY R. MCALLISTER
Trial Attorney (Cal. Bar No. 326785)
BRYAN LOPEZ
Trial Attorney (Cal. Bar No. 306158)
UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
350 S. Figueroa Street, Suite 370
Los Angeles, CA 90071-1202
Telephone: (213) 894-1595
Fax: (213) 894-2064
Email: lopez.bryan@dol.gov
*Attorneys for Plaintiff Martin J. Walsh*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SL ONE GLOBAL, INC., dba VIVA SUPERMARKET, a California corporation; SMF GLOBAL, INC. dba VIVA SUPERMARKET, a California corporation, NARI TRADING, INC., dba VIVA SUPERMARKET; UNI FOODS, INC., dba VIVA SUPERMARKET, a California corporation; SEAN LOLOEE, an individual, and as owner and managing agent of the Corporate Defendants; and KARLA MONTOYA, an individual, and managing agent of the Corporate Defendants.<br><br>Defendants. | Case No.<br><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT AND THE EMERGENCY PAID SICK LEAVE ACT** |

**INTRODUCTION**

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary") brings this action under the Fair Labor Standards Act of 1938 ("FLSA") as amended, 29 U.S.C. §§ 201, *et seq*. and the Emergency Paid Sick Leave Act ("EPSLA") provisions of the Families First Coronavirus Response Act as amended by the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-127, 134 Stat. 178 ("FFCRA") §§ 5101-5111 (2020) against Defendants SL One Global, Inc. dba Viva Supermarket SMF Global, Inc. dba Viva Supermarket; Nari Trading, Inc. dba Viva Supermarket; Uni Foods, Inc. dba Viva Supermarket; Sean Loloee; and Karla Montoya (collectively "Defendants") for: (1) failing to pay their employees minimum wage and overtime compensation; (2) failing to maintain accurate records of employees' hours worked and wages paid; (3) interfering with and impeding the Secretary's investigation of Defendants' compliance with the FLSA; (4) retaliating against employees who cooperate in the Secretary's investigation, threatening termination and immigration consequences thereby deterring employees from vindicating their workplace rights; (5) employing minor children in hazardous occupations and requiring them to work beyond permissible hours; and (6) failing to pay employees impacted by COVID-19 for sick time, in violation of the provisions of Sections 6, 7, 11(a), 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211(a), 211(c), 215(a)(2), 215(a)(3), 215(a)(5); and FFCRA § 5102(b)(2)(A).

Defendants knowingly and willfully committed these violations. The U.S. Department of Labor, Wage and Hour Division ("WHD") investigated Defendant Loloee, the sole and managing shareholder of each of the corporate Defendants, and SL One Global, Inc. dba Viva Supermarket on two previous occasions, each time citing violations of the FLSA. After each investigation, Defendant Loloee agreed to future compliance and to pay back wages owed. Despite these promises, the Secretary's third and most recent investigation not only revealed flagrant ongoing violations of the FLSA, but that Defendant Loloee sought kickbacks from his employees who had received back wage payments in resolution of WHD's prior investigations.

Through actions like these, Defendants have harmed not only their own employees, but

also law-abiding employers who face unfair competition in the marketplace due to Defendants' illegal practices. The Secretary brings this case to recover the wages owed to Defendants' employees, to enjoin future violations, and to protect the significant public interest at stake.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction of this action under Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217. Failure to provide paid sick leave under the EPSLA is also enforceable under Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217. FFCRA § 5105; 29 C.F.R. § 826.150(b). This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1345 (United States as Plaintiff).

2.      Venue lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the claims occurred in this judicial district. Venue lies with the Sacramento Division, pursuant to Local Rule 120(d), because the events giving rise to the claims occurred in Sacramento County and Solano County, California.

## FACTUAL ALLEGATIONS

### Parties

**Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor**

3.      Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, is charged with enforcing the FLSA to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[.]" 29 U.S.C. § 202(a). In bringing actions under the FLSA, the Secretary represents not only the interest of the individual employees affected by an employer's violations of the law, but also the broader public interest, including the interests of law-abiding employers whose ability to compete is harmed by employers who pay their employees subminimum wages. The Secretary has also been charged with enforcing the EPSLA, which obligates employers to offer sick leave and emergency family leave to employees who are unable to work because of the COVID-19 global pandemic in order to provide relief to workers and promote public health. *See* Pub. L. No. 116-127, 134 Stat. 178 (2020).

**Defendant SL One Global, Inc. dba Viva Supermarket (Norwood Avenue Location)**

4.      Defendant SL One Global, Inc. dba Viva Supermarket, is a California corporation with a principal office address at 4750 Duckhorn Drive, Sacramento, California 95834. Defendant SL One Global, Inc. operates as a full-service grocery store and food court, located at 4211 Norwood Avenue, Sacramento, California 95838.  To provide these services, SL One Global, Inc. employs workers, including the employees named in Exhibit A, who are employed as store managers, department managers, assistant department managers, butchers, cooks, produce helpers, bakers, cashiers, baggers, customer service, and food court employees.

5.      At all relevant times, Defendant SL One Global, Inc. is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Secretary whom he later identifies.

**Defendant SMF Global, Inc. dba Viva Supermarket (Marysville Blvd. Location)**

6.      Defendant SMF Global, Inc. dba Viva Supermarket, is a California corporation with a principal office address at 4750 Duckhorn Drive, Sacramento, California 95834. Defendant SMF Global, Inc. operates as a full-service grocery store and food court, located at 3845 Marysville Blvd., Sacramento, California 95838.  To provide these services, SMF Global, Inc. employs workers, including the employees named in Exhibit A, who are employed as store managers, department managers, assistant department managers, butchers, cooks, produce helpers, bakers, cashiers, baggers, customer service, and food court employees.

7.      At all relevant times, Defendant SMF Global, Inc. is and has been an employer within the meaning of Section 3(d), 29 U.S.C. § 203(d) of the FLSA, in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known whom the Secretary later identifies.

**Defendant Nari Trading, Inc. dba Viva Supermarket (Folsom Blvd. Location)**

8.      Defendant Nari Trading, Inc. dba Viva Supermarket, is a California corporation with a principal office address at 4750 Duckhorn Drive, Sacramento, California 95834. Defendant Nari Trading, Inc. operates as a full-service grocery store and food court, located at

10385 Folsom Blvd., Rancho Cordova, California 95670.  To provide these services, Nari Trading, Inc. employs workers, including the employees named in Exhibit A, who are employed as store managers, department managers, assistant department managers, butchers, cooks, produce helpers, bakers, cashiers, baggers, customer service, and food court employees.

9.     At all relevant times, Defendant Nari Trading, Inc. is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known whom the Secretary later identifies.

**Defendant Uni Foods, Inc. dba Viva Supermarket (North Adams Street Location)**

10.     Defendant Uni Foods, Inc. dba Viva Supermarket, is a California corporation with a principal office address at 4750 Duckhorn Drive, Sacramento, California 95834.  Defendant Uni Foods, Inc. operates as a full-service grocery store and food court, located at 925 North Adams Street, Dixon, California 95620.  To provide these services, Uni Foods, Inc. employs workers, including the employees named in Exhibit A, who are employed as store managers, department managers, assistant department managers, butchers, cooks, produce helpers, bakers, cashiers, baggers, customer service, and food court employees.

11.     At all relevant times, Defendant Uni Foods, Inc. is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known whom the Secretary later identifies.

**Defendant Sean Loloee**

12.     Defendant Sean Loloee, an individual, resides in Sacramento County, California. He is, and at all relevant times was, the sole and managing shareholder, owner, and managing agent of SL One Global, Inc.; SMF Global, Inc.; Nari Trading, Inc.; and Uni Foods, Inc.

13.     At all relevant times, Loloee acted directly or indirectly in the interests of SL One Global, Inc.; SMF Global, Inc.; Nari Trading, Inc.; and Uni Foods, Inc. in relation to their employees, including determining employment practices.

14.     Loloee is individually liable as an employer under Section 3(d), 29 U.S.C.

§ 203(d), for back wages and liquidated damages owed to employees of Defendants SL One Global, Inc.; SMF Global, Inc.; Nari Trading, Inc.; and Uni Foods, Inc.

15.     The claims against Loloee in this case arise out of and are directly related to his business activities in the jurisdiction of this Court.

**Defendant Karla Montoya**

16.     Defendant Karla Montoya, an individual, on information and belief resides in Sacramento County, California.  She is, and at all relevant times was, the General Manager and agent of SL One Global, Inc.; SMF Global, Inc.; Nari Trading, Inc.; and Uni Foods, Inc.

17.     At all relevant times, Montoya acted directly or indirectly in the interests of SL One Global, Inc.; SMF Global, Inc.; Nari Trading, Inc.; and Uni Foods, Inc. in relation to their employees, including by hiring, firing, disciplining employees, determining work schedules and employment practices.

18.     Montoya is individually liable as an employer under Section 3(d), 29 U.S.C. § 203(d), for back wages and liquidated damages owed to employees of Defendants SL One Global, Inc.; SMF Global, Inc.; Nari Trading, Inc.; and Uni Foods, Inc.

19.     The claims against Montoya in this case arise out of and are directly related to her business activities within the jurisdiction of this Court.

**<u>Defendants are an Enterprise Covered by the FLSA</u>**

20.     At all relevant times, Defendant Loloee operated and controlled the Corporate Defendants for the common business purpose of providing full-service grocery stores in the greater Sacramento area.  As a result, Defendants SL One Global, Inc.; SMF Global, Inc.; Nari Trading, Inc.; and Uni Foods, Inc., are and have been an "enterprise," as defined in FLSA § 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

21.     At all relevant times, two or more employees of the Corporate Defendants have regularly and routinely handled or otherwise worked on goods or materials that have been moved in or produced for commerce, including food products and beverages such as Corona and Modelo beer produced in Mexico.

22.     At all relevant times, Defendants' enterprise had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

23.     As a result, Defendants' employees are and at all relevant times have been employees in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

### The Secretary's First Investigation of SL One Global, Inc. and Loloee

24.     In 2009, on behalf of the Secretary, the WHD began an investigation into the wage and hour practices of SL One Global, Inc. and Loloee (the "First Investigation").

25.     In the course of the First Investigation, covering the time period from November 10, 2008, to May 26, 2009, the WHD determined that SL One Global, Inc. and Loloee had violated multiple provisions of the FLSA, including the Act's minimum wage (29 U.S.C. § 206), overtime compensation (29 U.S.C. § 207), recordkeeping (29 U.S.C. § 211), and child labor (29 U.S.C. § 212) provisions.

26.     The WHD determined that SL One Global, Inc. and Loloee owed certain employees – who worked at its location at 4211 Norwood Avenue, Sacramento, California 95838 – back wages for the period covered by the First Investigation.

27.     SL One Global, Inc. and Loloee ultimately entered into a written settlement agreement with the Secretary to pay $3,496.18 in back wages and $1,162.50 in Child Labor civil money penalties ("First Agreement").

### The Secretary's Second Investigation of SL One Global, Inc. and Loloee

28.     In 2020, on behalf of the Secretary, the WHD began a second investigation into the wage and hour practices of SL One Global, Inc. and Loloee, which covered the period from February 20, 2018, to February 19, 2020. (the "Second Investigation").

29.     The WHD's Second Investigation revealed that SL One Global, Inc. and Loloee had again violated the FLSA, including its overtime (29 U.S.C. § 207) and recordkeeping requirements (29 U.S.C. § 211).

30.     The WHD determined that SL One Global, Inc. and Loloee owed employees back

wages for the period covered by the Second Investigation.

31.     On or about May 15, 2020, SL One Global, Inc. and Loloee entered into a second written settlement agreement (the "Second Agreement") with the Secretary to pay $35,423.35 in back wages that they owed to their affected current and former employees.

32.     SL One Global, Inc. and Loloee also represented to the Secretary in the Second Agreement that it was "in full compliance with all applicable provisions of the FLSA, and will continue to comply therewith in the future."

### The Secretary's Third Investigation

33.     In 2020, on behalf of the Secretary, the WHD began a third investigation into the wage and hour practices of SL One Global, Inc. and Loloee.

34.     Later that year, the Secretary expanded his investigation to include the additional related corporate entities operating as Viva Supermarket – SMF Global, Inc.; Nari Trading, Inc.; and Uni Foods, Inc. – for which Loloee is the sole shareholder and managing agent (the "Latest Investigation").

35.     During the Secretary's Latest Investigation, Defendants repeatedly interfered with the investigation and retaliated against their employees.  Specifically, Defendants:

  a.   directed agents to impersonate WHD Investigators in order to gather information from their employees and identify employees who cooperated with the Secretary's investigation;

  b.   threatened employees with immigration consequences, including deportation, if they cooperated with the Secretary's investigation;

  c.   ordered employees to sign unknown documents that they were not permitted to read prior to signing;

  d.   directed employees to lie about aspects of their employment with Defendants, including, but not limited to, when employees began working for Defendants, the total number of employees working for Defendants, and the hours worked by employees;

  e.   directed employees to work in secluded areas of its business to prevent

employees' contact and discussion with WHD Investigators;

f.   directed workers to take off their store uniforms to look like store customers when WHD Investigators presented themselves to interview employees, to prevent employees' contact and discussion with WHD Investigators;

g.   instructed employees not to speak with WHD Investigators.

36.   As a result, Defendants deterred employees from participating in the Secretary's investigation for fear of retaliation.

37.   During the Latest Investigation, the WHD received information that Defendant Loloee and Defendant Montoya coerced employees who had received back wage payments in resolution of WHD's Second Investigation to return these payments in the form of illegal "kickbacks" following the distribution of these back wage payments to Defendants' employees.

**Defendants Failed to Pay Required Wages and Maintain Accurate Records of Hours Worked and Wages Paid**

38.   Since at least 2009, the time of WHD's First Investigation, Defendants have been aware of the FLSA's requirements.

39.   At all relevant times, Defendants employees have routinely worked over 40 hours in a workweek.

40.   In every workweek since at least October 23, 2017, Defendants have failed to pay employees the required overtime premium for hours in excess of 40 in the workweek. Instead, Defendants have paid employees straight time for hours worked over 40, including through cash payments or money orders for which they did not keep records, or failed to pay them at all for hours worked.

41.   Defendants require employees to perform work tasks after they have clocked out.

42.   Defendants require employees to attend meetings and do not compensate them when the meetings take place during employees' off-duty time.

43.   Defendants' failure to pay some employees for all hours worked has resulted in their regular rate dropping below the federal minimum wage of $7.25 per hour.

44.     In every workweek since at least October 23, 2017, Defendants have failed to create and/or retain accurate records of the daily and weekly hours worked by and wages paid to some of Defendants' employees, including by failing to keep records of cash payments or from non-payroll accounts.

### Defendants Directed Minor Employees to Operate Hazardous Equipment

45.     As alleged in paragraphs 24 to 27, the WHD previously investigated SL One Global, Inc. and Loloee's compliance with the FLSA's child labor provisions. Since at least the time of those investigations, Defendants have been aware of the child labor provisions of the FLSA.

46.     Defendants have employed minor children under the age of 18 in hazardous occupations in violation of Section 12 of the FLSA, 29 U.S.C. § 212.

47.     Since at least October 25, 2019, Defendants employed two minors between the ages of 16 and 18 and directed the minors to load and operate an industrial cardboard baler to compress cardboard boxes.

48.     Since at least October 6, 2020, Defendants employed a minor between the ages of 16 and 18 and directed the minor to load and operate an industrial cardboard baler to compress cardboard boxes.

49.     Since at least October 6, 2020, Defendants employed a minor between the ages of 16 and 18 and directed the minor to clean meat slicers and meat grinders.

50.     Since at least December 14, 2020, Defendants employed a minor under the age of 17 and directed the minor to load and operate an industrial cardboard baler to compress cardboard boxes.

### Defendants Directed Minor Employees to Work in Excess of Lawfully Permitted Hours

51.     Since at least September 14, 2019, Defendants employed minors under the age of 16 and directed the minors to work in excess of three hours during a day when school was in session.

52.     Since at least September 14, 2019, Defendants employed minors under the age of 16 and directed the minors to work in excess of 18 hours during a week when school was in session.

53.     Since at least September 14, 2019, Defendants employed minors under the age of 16 and directed the minors to work past 7 p.m. between Labor Day and June 1st.

## Defendants are Employers Covered by EPSLA

54.     The Emergency Paid Sick Leave Act was enacted as a response to the COVID-19 pandemic. FFCRA §§ 5101-5111 (2020).

55.     Under the EPSLA, an employer "shall provide to each employee employed by the employer paid sick time to the extent that the employee is unable to work (or telework) due to a need for leave because: . . . [t]he employee has been advised by a health care provider to self-quarantine due to concerns related to COVID-19" or because "[t]he employee is experiencing symptoms of COVID-19 and seeking a medical diagnosis." FFCRA § 5102.

56.     At all relevant times, Defendants are and have been a single and integrated employer sharing common management, interrelation between operations, centralized control of labor relations, and common ownership and financial control. For example:

      a.  Loloee is the sole shareholder and managing agent of SL One Global, Inc.; SMF Global, Inc.; Nari Trading, Inc.; and Uni Foods, Inc.;

      b.  Montoya is the General Manager of SL One Global, Inc.; SMF Global, Inc.; Nari Trading, Inc.; and Uni Foods, Inc.;

      c.  As sole shareholder and managing agent, Loloee has common ownership and financial control of SL One Global, Inc.; SMF Global, Inc.; Nari Trading, Inc.; and Uni Foods, Inc.;

      d.  As sole shareholder and managing agent, Loloee sets wages, hours, and has the authority to hire and fire Defendants' employees indicating centralized control of labor relations across all Defendants;

e. As General Manager, Montoya sets wages, hours, and has the authority to hire and fire Defendants' employees indicating centralized control of labor relations;

f. Loloee and Montoya manage and have final say over working conditions of employees at SL One Global, Inc.; SMF Global, Inc.; Nari Trading, Inc.; and Uni Foods, Inc., indicating common management across all Defendants;

g. The Corporate headquarters for SL One Global, Inc.; SMF Global, Inc.; Nari Trading, Inc.; and Uni Foods, Inc. is located at 4750 Duckhorn Drive, Sacramento, California 95834, indicating common management and interrelation of operations;

h. Certain of Defendants' employees have been employed simultaneously and directed to work at SL One Global, Inc.; SMF Global, Inc.; Nari Trading, Inc.; and Uni Foods, Inc., indicating interrelation of operations.

57. Defendants, as a single and integrated employer, typically employ approximately 100 or more employees at any given time.

58. Defendants are covered employers under the EPSLA because they are persons engaged in commerce and in an industry or activity affecting commerce that are private entities or individuals that employ more than 50 employees but fewer than 500 employees. FFCRA § 5110; 29 C.F.R. § 826.40.

59. At all relevant times, individual Defendants Loloee and Montoya have been covered employers because they have acted directly or indirectly in the interest of SL One Global, Inc.; SMF Global, Inc.; Nari Trading, Inc.; and Uni Foods, Inc. in relation to their employees, including determining employment practices. FFCRA § 5110.

**Defendants Failed to Provide its Employees Required Paid Sick Leave During the Coronavirus Pandemic**

60. Between April 1, 2020, and December 30, 2020, Defendants failed to provide paid sick leave to employees who requested leave from work due to having been advised by a health care provider to self-quarantine due to concerns related to COVID-19, 29 C.F.R. §

826.20(a)(1)(ii), in violation of the EPSLA, Division E of the Families First Coronavirus Response Act.  FFCRA §§ 5101-5111.

61.     Between April 1, 2020, and December 30, 2020, Defendants failed to provide emergency paid leave to employees who requested leave from work due to experiencing symptoms of COVID-19 and seeking medical diagnosis from a health care provider, 29 C.F.R. § 826.20(a)(1)(iii), in violation of the EPSLA, Division E of the Families First Coronavirus Response Act.  FFCRA §§ 5101-5111.

**Defendants failed to maintain accurate records of COVID-19 related leave requests and determinations**

62.     Between April 1, 2020, and December 30, 2020, Defendants failed to create and/or retain accurate records of their employees' requests for paid sick leave, including documentation of an employee's name, date(s) for which leave was requested, qualifying reason for the leave, and an oral or written that the employee was unable to work because of the qualified reason for leave, the name of the healthcare provider who advised the employee to self-quarantine due to concerns related to COVID-19, and/or Defendants' denial of an employee's request for paid sick leave. 29 C.F.R. §§ 826.100, 826.140.

63.     By failing to maintain accurate records of employees' requests for sick leave and required documentation, Defendants interfered with the ability of their employees, and derivatively of the Secretary, to understand and detect Defendants' unlawful payment practices, including the failure to provide paid sick leave to employees impacted by COVID-19.

**CLAIMS FOR RELIEF**

64.     Each of the following counts relies upon all relevant portions of the foregoing allegations in this Complaint.

**COUNT I**

**Interference with FLSA Rights**

65.     The Secretary incorporates by reference and re-alleges paragraphs 35 to 37.

66.     Section 15(a)(3) prohibits retaliation against employees and former employees because they assert their rights under the FLSA. The provision prohibits, among other things,

"any person" from "discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter [8 of the FLSA], or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3).

67.     Defendants have willfully violated and continue to violate Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by retaliating against employees, including by intimidating and attempting to intimidate employees not to cooperate with the Secretary's investigation and otherwise interfering with employees' ability to exercise their rights under the FLSA. Defendants' retaliatory conduct includes seeking employees to kickback wages paid to them after Defendants agreed to pay wages the Secretary found to be owed during his previous investigation. Defendants knew or should have known of the FLSA's anti-retaliation provisions, and they took action against their employees to deter them from or punish them for exercising their rights, including by engaging in the conduct described in paragraphs 35-37.

## COUNT II

### Obstructing the Secretary's Investigation in Violation of the FLSA

68.     The Secretary incorporates by reference and re-alleges paragraphs 35 to 36 and paragraph 44.

69.     Defendants have violated and continue to violate the provisions of Section 11(a) of the FLSA, 29 U.S.C. § 211(a), by obstructing the Secretary's investigation of Defendants' compliance with the FLSA by, among other things, providing incomplete and inaccurate records to the Secretary, directing employees not to speak to with Secretary, hiding them from the Secretary, and deterring them from cooperating in the Secretary's investigation through threats and intimidation.

70.     At all relevant times, Defendants have willfully violated Section 11(a), 29 U.S.C § 211(a). Defendants have interfered with and impeded the ability of the employees and the Secretary to detect, identify, and have notice of the underpayments of minimum and overtime wages due.

///

## COUNT III

### Violation of Minimum Wage Provisions of the FLSA

71.     The Secretary incorporates by reference and re-alleges paragraphs 38 to 43.

72.     Defendants willfully violated and continue to violate the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay its employees who were employed by an enterprise engaged in commerce or in the production of goods for commerce, and who personally engaged in commerce or in the production of goods for commerce, wages at rates not less than the federal minimum wage since at least October 23, 2017.

73.     Defendants have willfully violated the minimum wage provisions Section 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2) as they knew or should have known the FLSA's minimum wage requirements, particularly after the Secretary's 2009 investigation, but employed and continued to employ workers without properly compensating them.

## COUNT IV

### Violation of Overtime Provisions of the FLSA

74.     The Secretary incorporates by reference and re-alleges paragraphs 38 to 42.

75.     Defendants willfully violated and continue to violate the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who were employed by an enterprise engaged in commerce or in the production of goods for commerce, and who personally engaged in commerce or in the production of goods for commerce, overtime wages for their employment in excess of forty (40) hours in a workweek that should have been compensated at time-and-a-half the regular rate, since at least October 23, 2017.

76.     Defendants' threats and intimidation tactics have also caused some employees to return to Defendants portions of the compensation they are owed.  Thus, some employees have not received all of the overtime compensation that they were owed for the time period covered by the Second Investigation.

77.     Overtime compensation owed for the period covered by the Second Investigation are not subject to a statute of limitations defense pursuant to the terms of the Second Agreement.

78.     Alternatively, Overtime compensation that employees returned to Defendants from the Second Investigation since October 23, 2017, constitutes new and continuing violations of the FLSA.

79.     Defendants have willfully violated the overtime provisions Section 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) as they knew or should have known the FLSA's overtime requirements, particularly after the Secretary's 2009 investigation, but employed and continued to employ workers without properly compensating them.

### COUNT V

### Violations of the Recordkeeping Provisions of the FLSA

80.     The Secretary incorporates by reference and re-alleges paragraphs 38 to 44.

81.     Defendants, employers subject to the provisions of the FLSA, violated the provisions of Sections 11(c) and 15(a)(5) of the FLSA,  29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516.

82.     At all relevant times, Defendants have willfully violated and continue to violate Section 11(c) of the FLSA, 29 U.S.C. §§ 211(c). Defendants knew of should have known of the FLSA's recordkeeping requirements, and continued to create and maintain inaccurate, incomplete, and/or falsified records of employees' hours worked and wages paid.

### COUNT VI

### Violations of Child Labor Provisions of the FLSA

83.     The Secretary incorporates by reference and re-alleges paragraphs 45 to 53.

84.     Defendants willfully violated and continue to violate the provisions of Sections 12 and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212 and 215(a)(4), by employing minor children in

hazardous occupations, from at least October 25, 2019, in violation of the FLSA's child labor laws.

85.     At all relevant times, Defendants employed minor children between 16 and 18 years of age and suffered or permitted them to perform various job duties, including loading and operating an industrial baler to compress cardboard boxes. Defendants employed these minor children in a prohibited occupation for minors. 29 C.F.R. § 570.63. Defendants' employment of these children violated Hazardous Occupation Orders for Nonagricultural Employment in Subpart E of Part 570 of Title 29 of the Code of Federal Regulations.

86.     At all relevant times, Defendants employed minor children between 16 and 18 years of age and suffered or permitted to perform various job duties, including cleaning machines that process meat, including the slicing in a retail delicatessen of meat and grinding machines. Defendants employed these minor children in a prohibited occupation for minors. 29 C.F.R. § 570.61. Defendants' employment of these children violated Hazardous Occupation Orders for Nonagricultural Employment in Subpart E of Part 570 of Title 29 of the Code of Federal Regulations.

87.     At all relevant times, Defendants employed minor children between 14 and 16 years of age and suffered or permitted them to work more than three hours on school days; more than eighteen (18) hours in school weeks; and past 7:00 p.m. between Labor Day and June 1st. 29 C.F.R. § 570.35.

88.     Defendants' employment of minor children under the conditions alleged constitutes oppressive child labor within the meaning of Section 12(c), 29 U.S.C. § 212(c).

### COUNT VII

### Violation of the Paid Sick Leave Provisions of the EPSLA

89.     The Secretary incorporates by reference and re-alleges paragraphs 54 to 63.

90.     Defendants are a single and integrated employer covered under the EPSLA of the FFCRA, FFCRA § 5110(2); 29 C.F.R. § 826.40(a); 29 C.F.R. § 825.104(c)(2), and under the FLSA, 29 U.S.C. § 203(d).

91.     Defendants' employees qualify as employees under the EPSLA of the FFCRA, FFCRA § 5110(1), and under the FLSA, 29 U.S.C. § 203(e).

92.     Defendants' employees requested leave under the EPSLA after they were advised by a health care provider to self-quarantine due to concerns related to COVID-19.

93.     Defendants' employees requested leave under the EPSLA after experiencing symptoms of COVID-19 and seeking a medical diagnosis.

94.     Defendants' full-time employees that requested leave under the EPSLA were entitled to 80 hours of paid sick leave. FFCRA § 5102(b)(2)(A).

95.     Defendants' part-time employees that requested leave under the EPSLA were entitled to paid sick leave totaling a number of hours equal to the number that such employees worked, on average, over a two-week period. FFCRA § 5102(b)(2)(B).

96.     Defendants failed to pay their employees paid sick leave as mandated by the EPSLA and in violation of Section 6 of the FLSA. FFCRA § 5105(a); 29 U.S.C. § 206.

97.     Defendants also failed to create and/or retain accurate records of their employees' requests for paid sick leave, including documentation of an employee's name, date(s) for which leave was requested, qualifying reason for the leave, and an oral or written that the employee was unable to work because of the qualified reason for leave, the name of the healthcare provider who advised the employee to self-quarantine due to concerns related to COVID-19, and/or Defendants' denial of an employee's request for paid sick leave. FFCRA § 5111(3); 29 C.F.R. §§ 826.100, 826.140.

## **PRAYER FOR RELIEF**

WHEREFORE, good cause having been shown, the Secretary prays for judgment against Defendants as follows:

A.     For an Order under Section 17 of the FLSA, 29 U.S.C. § 217:

(1) Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 15(a)(3), including by seeking to have any employee kick

back or return any compensation that is due to them or retaliating against
them;

(2) Requiring Defendants to permit a representative of the Secretary to notify all
current and former employees who received back wages pursuant to the
Second Agreement that they have the right to receive and keep the back wages
and liquidated damages due to them;

(3) Permanently enjoining and restraining Defendants, their officers, agents,
servants, and employees, and those persons in active concert or participation
with Defendants, from withholding the payment of any back wages due to
Defendants' employees for the time period of the Second Investigation;

(4) Permanently enjoining and restraining Defendants, their officers, agents,
servants, employees, and those persons in active concert or participation with
them from prospectively violating the FLSA, including §§ 6, 7, 11, 12,
15(a)(2), and 15(a)(5), 29 U.S.C. §§ 206, 207, 211, 215(a)(2), and 215(a)(5);

(5) Disgorging Defendants of the ill-gotten gains they reaped from workers who
were not paid for their work a required by the FLSA's minimum wage and
overtime provisions, 29 U.S.C. §§ 206 and 207; and

(6) Awarding punitive damages for Defendants' retaliation against certain current
and former employees in violation of Section 15(a)(3) of the FLSA, 29 U.S.C.
§ 215(a)(3).

B.     For an Order:

(1) Under Section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Defendants
liable for all wages due, including minimum wages and overtime
compensation, from at least October 23, 2017, through the present, to all of
Defendants' employees, including the employees listed in the attached Exhibit
A and all other employees later identified by the Secretary, and additional
equal amount in liquidated damages; or

(2) In the event the Court does not award liquidated damages, for an Order restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants under Section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from continuing to withhold payment of unpaid back wages found to be due, from at least October 23, 2017, through the present, to Defendants' current and former employees, including persons listed on the attached Exhibit A and Defendants' employees whose identities later become known to the Secretary, plus pre-judgment interest computed on the unpaid wages due at an appropriate interest rate;

(3) Under Section 5105(a) of the EPSLA, FFCRA § 5105(a), and Sections 16(c) and 17 of the FLSA, 29 U.S.C. § 216(c) and 217, finding Defendants liable for paid sick leave due to Defendants' employees under the EPSLA, Sections 5102 of the EPSLA, FFCRA § 5102, and Section 6 of the FLSA, 29 U.S.C. § 206, from April 1, 2020, to December 30, 2020.

(4) Under Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, directing Defendants to pay appropriate compensatory damages found to be due to employees because of Defendants' violations of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), together with pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury under 26 U.S.C. § 6621 from the date such wages became due;

(5) Requiring Defendants to issue a curative notice to their employees that rectifies their FLSA violations, including through notifying their employees of their rights under the FLSA and this lawsuit;

(6) Providing such further equitable relief as may deemed necessary or appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection of, the violations

FAIR LABOR STANDARDS ACT AND THE EMERGENCY PAID SICK LEAVE ACT,
Case No.                                                                    Page 20

of the FLSA by the Secretary due to Defendants' interference with the Secretary's investigation and actions to confuse employees about their rights under the FLSA, require kick-backs of back wages paid, and/or to intimidate or coerce them from exercising their rights as an employee;

C.    For an Order awarding the Secretary costs of this action; and

D.    For an Order awarding the Secretary any other relief that the Court deems necessary and appropriate.

April 1, 2022                               Respectfully submitted,

                                           SEEMA NANDA
                                           Solicitor of Labor

                                           MARC A. PILOTIN
                                           Regional Solicitor

                                           KATHERINE E. CAMERON
                                           Associate Regional Solicitor

                                           HAILEY R. MCALLISTER
                                           Trial Attorney

                                           By: */s/ Bryan Lopez*
                                           BRYAN LOPEZ
                                           Trial Attorney

**EXHIBIT A**

1. Aceves, Maria Isabel

2. Alvarado, Bertha

3. Arias, Frence

4. Avila Sanchez, Juana

5. Barajas, Ramiro

6. Barraza, Maria Teresa

7. Barraza Venegas, Maria

8. Barriga, Sabino

9. Blanco, Mauricio

10. Brooks, Larry

11. Castillo, Antonio

12. Cuadra Solares, Nancy

13. Duarte Gonzalez, Marilyn

14. Duran, Maria

15. Fuentes, Jose

16. Gonzalez Barragan, Maria

17. Gonzalez Barragan, Maria Vianney

18. Guzman, Stephany

19. Hak, Sok

20. Hang, Dung Van

21. Heidari, Mahtab

22. Hernandez, Veronica

23. Hidalgo, Ana

24. Infelise, Adriana

25. Jimenez, Angelica

26. Leon, Elvira,

27. Li, Craig

| | | |
|---|---|---|
| 1 | 28. | Lopez, Eric |
| 2 | 29. | Lopez Herrera, Nayeli |
| 3 | 30. | Lopez Ramiro, Salvador |
| 4 | 31. | Lopz, Darwin |
| 5 | 32. | Lortia, Gustavo |
| 6 | 33. | Lucio, Jose Luis |
| 7 | 34. | Madrigal, Guadalupe |
| 8 | 35. | Martinez, Mayra |
| 9 | 36. | Martinez Vargas, Miriam |
| 10 | 37. | Mosqueda, Daniel |
| 11 | 38. | Mosqueda, Martin |
| 12 | 39. | Munguia Beltran, Edgar |
| 13 | 40. | Nolasco Acosta, Karen |
| 14 | 41. | Olvera, Antonio |
| 15 | 42. | Orozco, David |
| 16 | 43. | Orozco, Minerva |
| 17 | 44. | Palafox Solorzano, Mayra |
| 18 | 45. | Partida, Marco Antonio |
| 19 | 46. | Penuelas, Roman |
| 20 | 47. | Pineda, Maricela |
| 21 | 48. | Ramirez Avila, Marcela |
| 22 | 49. | Rangel Avalos, Yeimi |
| 23 | 50. | Reyes, Raul |
| 24 | 51. | Rico, Hilda |
| 25 | 52. | Rodriguez Saavedra, Carlos |
| 26 | 53. | Rosales, Ramon |
| 27 | 54. | San Agustin, Reyes |
| 28 | 55. | Sanchez, Alejandro |

EXHIBIT A TO COMPLAINT

56.   Sandoval, Carlos

57.   Sauceda, Manuel

58.   Torres, Raudel

59.   Trejo, Mari

60.   Urrieta Rendon, Alejandro

61.   Vaca, Miguel

62.   Valle, Elizabeth

63.   Villagomez, Alejandro

64.   Villeda Hernandez, Alfredo

65.   Virgen Villegas, Ruben

66.   Wu, Wei Ping