DOWNEY BRAND LLP
CASSANDRA M. FERRANNINI (Bar No. 204277)
cferrannini@downeybrand.com
SANDRA L. SAVA (Bar No. 117415)
ssava@downeybrand.com
RYAN A. REED (Bar No. 322964)
rreed@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:    916.444.1000
Facsimile:    916.444.2100

Attorneys for Defendants
SL ONE GLOBAL, INC., dba VIVA SUPERMARKET; SMF GLOBAL, INC. dba VIVA SUPERMARKET; NARI TRADING, INC., dba VIVA SUPERMARKET; UNI FOODS, INC., dba VIVA SUPERMARKET; SEAN LOLOEE; and KARLA MONTOYA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SL ONE GLOBAL, INC., dba VIVA SUPERMARKET, a California corporation; SMF GLOBAL, INC. dba VIVA SUPERMARKET, a California corporation, NARI TRADING, INC., dba VIVA SUPERMARKET; UNI FOODS, INC., dba VIVA SUPERMARKET, a California corporation; SEAN LOLOEE, an individual, and as owner and managing agent of the Corporate Defendants; and KARLA MONTOYA, an individual, and managing agent of the Corporate Defendants.,<br><br>　　　　Defendants. | Case No. 2:22-cv-00583-WBS-DB<br><br>**REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:　August 8, 2022<br>Time:　1:30 p.m.<br>Ctrm.:　5, 14th Floor<br><br>Hon. William B. Shubb |

1815696v4

Case No. 2:22-cv-00583-WBS-DB

REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## I.   INTRODUCTION

The Complaint alleges claims barred by statutes of limitations and past settlement agreements, attempts to impose individual liability without pleading specific factual allegations, and seeks to require Defendants simultaneously litigate the same claims in two forums.  The Opposition does nothing to explain or cure these defects.  Instead, Plaintiff Martin J. Walsh's ("DOL") side-steps most of Defendants' legal arguments by repeatedly alleging that the Defendants Motion to Dismiss "misconstrue[s]," "misstate[s]," or "misapprehend[s]" the issues. Defendants' grounds are well-stated in the Motion to Dismiss and are effectively unrebutted by the DOL. Defendants' Motion to Dismiss should be granted without leave to amend.

## II.   LEGAL ARGUMENT

**A.   The DOL's Minimum Wage And Overtime Claims Are Barred.**

Instead of addressing the valid issues raised by the Defendants as to untimely minimum wage and overtime claims, Section III.A. of the Opposition prematurely litigates the DOL's retaliation claims.  The Opposition concedes Defendants' point by arguing a far narrower scope of minimum wage and overtime claims than described in the Complaint, perhaps in an effort to avoid scrutiny.  Further, the DOL's unsupported theory for why its minimum wage and overtime claims are timely is unsupported by precedent or rational analysis.  Finally, the DOL's suggestion (in a footnote) that the doctrine of equitable tolling saves their untimely claims is unsupported by legal analysis or facts.

### 1. The Complaint Includes Claims Barred by Statute(s) of Limitations and Past Settlement Agreements.

The Complaint alleges claims barred by applicable statute(s) of limitations and past settlement agreements. The DOL now muddies the waters, stating that it seeks only "(1) overtime wages Defendant SL One Global paid to employees to resolve WHD's investigation covering the period February 20, 2018 to February 19, 2020 and (2) Defendants' ongoing violations of the FLSA." (Dkt. 11. (Oppo.) at 3:28-4:3.)  This is a considerably narrower scope than the Complaint, which alleges both minimum wage and overtime violations against all Defendants dating back to October 23, 2017.  (Dkt. 1 (Compl.) at ¶¶ 72, 75.)  The Complaint alleges two separate grounds for extending claims back to October 2017: (1) "Overtime compensation owed for the period covered by the Second Investigation are not subject to a statute of limitations defense pursuant to the terms of the Second Agreement;" and (2) "[a]lternatively, Overtime compensation that employees returned to Defendants from the Second Investigation since October 23, 2017, constitute new and continuing violations of the FLSA." (Dkt. 1 at ¶¶ 77, 78; see also *Id.* at ¶ 72.)  Thus, the Complaint plainly alleges violations time barred by applicable statute(s) of limitations and which are unrelated to the eight claims resolved in the Settlement Agreement.

The DOL now attempts to re-write its overreaching Complaint that states claims barred by statutes of limitations and past settlement agreements.  This tacitly concedes the patent unreasonableness of its position.  Regardless, Plaintiff's claims that are barred by the statute of limitations and past settlement

agreement must be dismissed for failure to state a claim upon which relief can be granted.

### 2. Alleged Violation of the Settlement Agreement Does Not Restart the Clock on Plaintiff's Claims.

As described more fully in the Motion to Dismiss, the Defendants seek to dismiss minimum wage and overtime claims that accrued as early as October 23, 2017, nearly 18 months beyond the longest potentially applicable statute of limitations. (Dkt. 1 at ¶¶ 72, 75; Prayer for Relief, ¶ B(1).) Minimum wage and overtime violations "accrue[] on each payday . . . triggering on each occasion the running of a new period of limitations." (*O'Donnell v. Vencor Inc.,* 466 F.3d 1104, 1113 (9th Cir. 2006).)

The DOL argues that certain claims "resolved" under the DOL's settlement agreement with Defendant SL One Global, Inc. (the "Settlement Agreement") have been revived. (Dkt. 7-2 (RJN) at ¶ 4, Exh. D.) The crux of the DOL's argument is that some employees ultimately did not receive payment they were owed under the Settlement Agreement. Again, the DOL's proper remedy to recoup alleged underpayment of the settlement amount is to file a collections action. (See *Id*. at ¶ 8.) The DOL has not done so.

Instead, the DOL insists this situation is different because it alleges underpayment was caused by Defendants' retaliatory conduct. But this blurs the line between causes of action. While the Defendants vehemently disagree with allegations of retaliation, the present Motion to Dismiss does not challenge Count I, which alleges retaliatory violations of 29 U.S.C. § 215(a)(3). The DOL now seeks to transmute those retaliation claims into allegations of minimum wage and overtime violations.

DOWNEY BRAND LLP

But the DOL fails to explain why underpayment resulting from retaliation creates "yet another violation of the FLSA," as opposed to being treated as a breach of the settlement agreement. (Dkt. 11 at 4:16.)  The reason for underpayment of the settlement amount does not affect analysis of FLSA minimum wage and overtime allegations.  The DOL has not argued the claims they allege are anything more than for breach of the Settlement Agreement.

The Defendants' point is simple.  The parties agreed to settlement of certain claims, including purported overtime violations under the FLSA.  The DOL now says SL One Global did not live up to its side of the bargain.  But, instead of bringing a collections action as provided in the Settlement Agreement, the DOL introduces a theory that the way SL One Global allegedly breached the Settlement Agreement somehow resuscitates untimely minimum wage and overtime claims.  This argument is unsupported by any legal precedent or analysis in the Opposition.[1]  Therefore, this Court must grant the motion to dismiss Counts III and IV as applied to any conduct by SL One Global before February 20, 2020.

### 3. The DOL Fails to Adequately Allege or Argue Equitable Tolling.

The DOL briefly mentions, for the first time (and in a footnote), equitable tolling as a basis for extending the statute of limitations.  The DOL's sudden invocation of equitable tolling is unavailing.  Courts are extraordinarily hesitant to apply equitable tolling, considering it only in "rare and exceptional

---

[1] Nor does the DOL explain how this analysis applies to claims other than the eight resolved by the Settlement Agreement.

circumstances." (*Orduna v. Champion Drywall*, 2013 WL 1249586, at *2 (D. Nev. Mar. 26, 2013.)  "Such relief is extended sparingly and only where claimants exercise diligence in preserving their legal rights."  (*Stitt v. San Francisco Municipal Transportation Agency*, 2014 WL 1760623, at *12 (N.D. Cal. May 2, 2014.)

Footnote No. 2 to the Opposition haphazardly suggests tolling should apply in this case due to "Defendants' interference and retaliation used to obscure violations from the Secretary."  (Dkt. 11 at 5:1, fn. 2.)  But, the Complaint did not plead equitable tolling for its minimum wage and overtime claims and has not clearly explained how equitable tolling applies in this case.  First, as described more fully above, the Complaint stakes out the alternative bases to extend the statute of limitations for these claims — both expressly based on the Settlement Agreement.  Counts III and IV, which are presently at issue, fail to incorporate the paragraphs of the Complaint referring to allegations of "interference" and "retaliation."  (See Dkt. 1 at ¶¶ 71, 74.)  More importantly, it is substantially more likely any delay in the DOL bringing this case is its own doing, as with the administrative proceedings for the alleged child labor law violations described below.  The DOL cannot save claims that plainly fall outside the statute(s) of limitation by invoking equitable tolling through a few words in a footnote.

**B.  <u>Karla Montoya Is Not An Employer Under The Fair Labor Standards Act</u>.**

The Opposition improperly characterizes the conclusory words used in the Complaint to establish Defendant Karla Montoya ("Montoya") as an employer under the FLSA as "specific facts."

As described more fully in the Motion to Dismiss, the DOL simply dresses up the factors of the applicable legal standard as facts applicable to Montoya.  Montoya is not ascribed any specific actions or conduct.  These statements amount to conclusory allegations, which must be set aside.

The cases cited by the DOL bear out the distinction between "specific facts" and legal conclusions dressed up as facts. (Dkt. 11, 6:18-7:11.)  In *Reich v. Japan Enterprises Corp.*, the plaintiff established that the manager was "in charge of the employees at the club," "managed the day-to-day operations," "regularly travelled to the Philippines to recruit employees," and "signed their employment contracts."  (*Reich v. Japan Enterprises Corp.*, 91 F.3d 154, at *3 (unpublished) (9th Cir. 1996).)  In *Solis v. Best Miracle Corp.*, the four factors of the economic reality test were supported by specific factual examples of the individual defendant's conduct.  (*Solis v. Best Miracle Corp.*, 709 F.Supp.2d 843, 847 (C.D. Cal. 2010), aff'd 464 F.Supp.App'x 649 (9th Cir. 2011).) For example, the court supported its conclusion that the manager had hiring and firing authority with specific facts that he chose to let an employee keep her job when she was fired.  (*Id.*, at p. 849-850.)

Further, ownership and corporate officer status **is** a key factor in determining whether an individual is an employer under the FLSA. It is telling that the DOL cannot cite even one case where the individual "employer" had no relevant financial interests in the business(es). (Dkt. 11 at 6:18-7:11.) *Solis* involved an individual manager whose wife owned the company at issue and who "did not dispute that he is an employer."  (*Solis,*

*supra,* 709 F.Supp.2d at pp. 846, 849.) *Reich v. Circle C Investments, Inc.* again involved an owner's spouse who was described as the "driving force behind Circle C." (*Reich v. Circle C Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993).) *Japan Enterprises Corp.* analyzed a manager who owned another business within the established enterprise. In practice, individuals without direct ownership or corporate officer status being considered "employers" is a limited exception to the rule. (See *Guifu Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373 (N.D. Cal. Mar. 19, 2012) [explaining there are no Ninth Circuit cases declaring an individual without ownership or corporate officer status an "employer"].) The DOL has provided no examples of a court going further than that, finding employer status with **no relevant financial interest** at all. It is highly relevant that Montoya has no direct or indirect financial interest in the Corporate Defendants, and is not a corporate officer.

In short, despite the DOL's three separate investigations, it cannot identify any specific factual allegations that support its characterization of Montoya as an "employer." (Dkt. 1 at ¶¶ 24, 28, 33.) This is particularly concerning as the DOL cedes Montoya has no direct or indirect ownership interest or corporate officer position in any of the Corporate Defendants. Without non-conclusory factual allegations, the DOL fails to allege facts supporting a cognizable legal theory against Montoya. Montoya should be dismissed from this case.

**C.  The DOL's Child Labor Law Claims Are Barred Under The Primary Jurisdiction Doctrine.**

The DOL fails to directly address any of Defendants'

contentions on application of the primary jurisdiction doctrine to the alleged child labor law violations.  Instead, the DOL relies on its own delay in referring a case to an administrative hearing — an issue caused by its own lack of diligence.  To be clear, the primary jurisdiction doctrine operates when the court has jurisdiction to hear a claim but determines it is more prudent to defer to an administrative agency in the first instance.  That is precisely the case here, where the DOL tries to force the Defendants to litigate the exact same allegations in this Court and before a DOL Administrative Law Judge.

First, the DOL disingenuously accuses the Defendants of "mispresent[ing] that there is a currently pending matter before the Office of Administrative Law Judges of the U.S. Department of Labor."  (Dkt. 11 at 8:20.)  The DOL relies on its own delay in referring the matter to its Chief Administrative Law Judge for an administrative hearing.[2]  (*Id*. at 8:16-9:2.)  This distinction is meaningless.  The law states that "the Administrator . . . **shall**, by Order of Reference, refer the matter to the Chief [ALJ], for a determination in an administrative proceeding as provided." (29 C.F.R. § 580.10, emphasis added.)  The Defendants submitted a timely exception, meaning the Administrator must now refer the matter to an ALJ.  It is irrelevant to this Motion to Dismiss that the Administrator has delayed doing so in the seven months since acknowledging the Defendants' timely exception.  The matter will move onto an ALJ for simultaneous proceedings.

---

[2] Defendants had no way of knowing that the DOL was intentionally delaying the case's referral to an ALJ.  Defendants instead simply know that, as usual, the DOL is delaying proceedings.

DOWNEY BRAND LLP

The DOL's discussion of the importance of injunctive relief as a remedy is similarly irrelevant.  The Defendants' concern lies in the fact that the DOL is asking the Court and ALJ to simultaneously determine whether the same child labor law violations have occurred.  Allowing the DOL's child labor law claims to proceed in two forums simultaneously "would raise the risk of inconsistent rulings by the DOL and the Court about whether a violation has occurred."  (U.S. ex rel Krol. v. Arch Ins. Co., 46 F.Supp.3d 347, 354 (S.D.N.Y. 2014).) It could lead to significant judicial inefficiency for the same reason.

This is precisely when the primary jurisdiction doctrine is aptly applied.  Application of the "doctrine does not indicate that [the court] lacks jurisdiction." Instead, it is a "prudential" doctrine in which the court decides the issue "should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch."  (*Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008).)  The DOL fails to even address the Defendants' imminent concerns that, if undisturbed by this Court, the parties will simultaneously (and in two separate forums) litigate alleged violations of the **same exact FLSA standard**.[3]

*Perez v. Cathedral Buffet, Inc.*, cited by the DOL, is inapposite.  (*Perez v. Cathedral Buffet, Inc*, 2015 WL 7185499

---

[3] The DOL explains it intends to request a stay of the administrative proceedings.  But, aside from the informality of that statement and the fact that it has done no such thing in the last seven months, proceeding on the child labor violations in front of the ALJ is supported by the primary jurisdiction doctrine and as a matter of judicial efficiency.

DOWNEY BRAND LLP

(N.D. Ohio, Nov. 13, 2015).) *Perez* is a vaguely worded unpublished decision in which the court seemingly denied a challenge to a request for injunctive relief on subject matter jurisdiction grounds on the basis that the underlying child labor law claims were already settled through payment of civil money penalties. *Perez* did not involve an employer being required to simultaneously litigate the same claims in two separate forums.

The Defendants' do not contend that the DOL must seek civil penalties before filing a complaint for injunctive relief in every case.  Instead, the Defendants argue a narrower proposition based on the "prudential" primary jurisdiction doctrine. (*Clark*, *supra,* 523 F.3d at p. 1114.)  That is, that the DOL should be precluded from seeking injunctive relief simultaneously with civil penalties for the same underlying violations.

### III. CONCLUSION

Defendants request that this Court grant the Motion to Dismiss in its entirety.

DATED: July 5, 2022          DOWNEY BRAND LLP

By: /s/ Cassandra M. Ferrannini
CASSANDRA M. FERRANNINI
SANDRA L. SAVA
RYAN A. REED
Attorneys for Defendants
SL ONE GLOBAL, INC., dba VIVA SUPERMARKET; SMF GLOBAL, INC. dba VIVA SUPERMARKET; NARI TRADING, INC., dba VIVA SUPERMARKET; UNI FOODS, INC., dba VIVA SUPERMARKET; SEAN LOLOEE; and KARLA MONTOYA