1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12   MARTIN J. WALSH, Secretary of        No. 2:22-cv-00583 WBS DB
     Labor, United States Department
13   of Labor,

14              Plaintiff,                 MEMORANDUM AND ORDER RE:
                                           DEFENDANTS' MOTION TO STRIKE,
15        v.                               OR IN THE ALTERNATIVE
                                           DISMISS, PLAINTIFF'S FIRST
16   SL ONE GLOBAL, INC., dba VIVA         AMENDED COMPLAINT
     SUPERMARKET, a California
17   corporation; SMF GLOBAL, INC.
     dba VIVA SUPERMARKET, a
18   California corporation, NARI
     TRADING, INC., dba VIVA
19   SUPERMARKET; UNI FOODS, INC.,
     dba VIVA SUPERMARKET, a
20   California corporation; SEAN
     LOLOEE, an individual, and as
21   owner and managing agent of the
     Corporate Defendants; and KARLA
22   MONTOYA, an individual, and
     managing agent of the Corporate
23   Defendants,

24              Defendants.

25

26                          ----oo0oo----

27        Plaintiff Martin J. Walsh, in his capacity as Secretary

28   of the United States Department of Labor, brought this action

                                  1

against defendants SL One Global, SMF Global, Nari Trading, and
Uni Foods, all of which allegedly do business as Viva Supermarket
(the "corporate defendants"); Sean Loloee; and Karla Montoya
alleging various ongoing violations of federal labor laws at
grocery stores operated by defendants.  Specifically, plaintiff
alleges (1) interference with employees' rights under the Fair
Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3); (2)
obstruction of the Secretary's investigation under the FLSA, 29
U.S.C. § 211(a); (3) violation of minimum wage requirements under
the FLSA, 29 U.S.C. §§ 206, 215(a)(2); (4) violation of overtime
requirements under the FLSA, 29 U.S.C. §§ 207, 215(a)(2); (5)
violation of recordkeeping requirements under the FLSA, 29 U.S.C.
§§ 211(c), 215(a)(5); (6) violation of child labor requirements
under the FLSA, 29 U.S.C. §§ 212, 215(a)(4); and (7) violation of
paid sick leave requirements under the Emergency Paid Sick Leave
Act, Pub. L. No. 116-127, 134 Stat. 178 §§ 5101-5111 (2020).
(First Am. Compl. ("FAC") (Docket No. 18).)

         The court does not recite a full background of the case
as it has done so in its prior order.  (Docket No. 17.)  The
court's prior order dismissed Counts III and IV for overtime
violations as against defendant SL One Global, to the extent that
they alleged violations before February 19, 2020, based on the
parties' Second Agreement releasing SL One Global from claims
relating to violations occurring from February 20, 2018 to
February 19, 2020 (the "Agreement Period").  The Order also
dismissed the same counts as against all defendants to the extent
that they alleged violations occurring prior to April 1, 2019,
before which date claims were barred by the applicable statute of

2

1  limitations.

2        Defendants now move to strike, or in the alternative

3  dismiss, plaintiff's First Amended Complaint.  (Docket No. 25.)

4  I.   Motion to Strike

5        Rule 12(f) authorizes the court to "strike from a

6  pleading an insufficient defense or any redundant, immaterial,

7  impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "The

8  function of a 12(f) motion to strike is to avoid the expenditure

9  of time and money that must arise from litigating spurious issues

10 by dispensing with those issues prior to trial . . . ."  Fantasy,

11 Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation

12 marks, citation, and first alteration omitted), rev'd on other

13 grounds, Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 (1994).

14       "Because motions to strike are 'often used as delaying

15 tactics,' they are 'generally disfavored' and are rarely granted

16 in the absence of prejudice to the moving party."  Pickern v. 3

17 Stonedeggs, Inc., No. 2:13-cv-1373 WBS, 2014 WL 309552, at *1

18 (E.D. Cal. Jan. 28, 2014) (quoting Rosales v. Citibank, FSB, 133

19 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)).

20       Defendants do not assert possible prejudice, but rather

21 move to strike on the basis that the First Amended Complaint

22 exceeded the scope of leave to amend granted by this court.

23 However, "[e]xceeding the scope of a court's leave to amend is

24 not necessarily sufficient grounds for striking a pleading or

25 portions thereof."  Beavers v. New Penn Fin. LLC, No. 1:17-cv-

26 00747 JLT, 2018 WL 385421, at *3 (E.D. Cal. Jan. 11, 2018)

27 (citing Khan v. K2 Pure Sols., L.P., No. 12-cv-05526 WHO, 2013 WL

28 6503345, at *11 (N.D. Cal. Dec. 4, 2013)); Allen v. Cnty. of Los

                                  3

1 | Angeles, No. CV 07-102-R SH, 2009 WL 666449, at *3 (C.D. Cal.
2 | Mar. 12, 2009) (collecting cases).  See also Vahora v. Valley
3 | Diagnostics Lab'y Inc., No. 1:16-cv-01624 SKO, 2017 WL 2572440,
4 | at *2 (E.D. Cal. June 14, 2017) (finding that plaintiff's amended
5 | complaint exceeded scope of leave to amend, but denying motion to
6 | strike as "premature").

7 |    Defendants argue that the entire First Amended
8 | Complaint should be stricken because "the offending language
9 | cannot be stricken from the FAC in a manner that remedies this
10 | issue." (Def.'s Mem. at 8.)  The court disagrees.  The First
11 | Amended Complaint merely suffers from imprecise pleading and
12 | reliance on a faulty legal theory, as discussed below.  The court
13 | will therefore deny defendants' motion to strike, and now
14 | considers plaintiff's alternative motion to dismiss.

15 | II.  Motion to Dismiss

16 |    Federal Rule of Civil Procedure 12(b)(6) allows for
17 | dismissal when the plaintiff's complaint fails to state a claim
18 | upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).
19 | The inquiry before the court is whether, accepting the
20 | allegations in the complaint as true and drawing all reasonable
21 | inferences in the plaintiff's favor, the complaint has stated "a
22 | claim to relief that is plausible on its face."  Bell Atl. Corp.
23 | v. Twombly, 550 U.S. 544, 570 (2007).

24 |    As this court held in its prior order, plaintiff may
25 | not bring claims alleging that SL One Global violated FLSA's
26 | minimum wage and overtime provisions during the Agreement Period,
27 | as such claims are precluded by the parties' Second Agreement.
28 | (Docket No. 17 at 7.)  Defendants argue that plaintiff's

1  reference to the statute of limitations and inclusion of kickback

2  allegations impermissibly include violations occurring during the

3  Agreement Period.  The court will address each in turn.

4        A.    Reference to Statute of Limitations

5             Defendants object to the allegations that defendant

6  committed various violations "[i]n every workweek during the

7  applicable statute of limitations periods."  (FAC ¶¶ 40, 44.)

8  Defendants argue that by referencing a statute of limitations

9  period that includes some of the Agreement Period, plaintiff is

10 attempting to "covertly" include wage violations occurring during

11 the Agreement Period.  (Def.'s Mem. at 4.)  In response,

12 plaintiff assures the court that he is not seeking to

13 impermissibly include such claims, and argues that this language

14 was added to comply with this court's order that Counts III and

15 IV be dismissed as to violations occurring outside the applicable

16 statute of limitations periods.  (Pl.'s Opp'n at 5-6.)  Although

17 the First Amended Complaint could be clearer as to the time

18 period applicable to claims brought against SL One Global, this

19 imprecision does not warrant dismissal.

20       B.    Inclusion of Kickback Allegations

21            Defendants next take issue with the following

22 allegation: "During the Latest Investigation, the [Department of

23 Labor's Wage and Hour Division ("WHD")] received information that

24 Defendant Loloee and Defendant Montoya coerced employees who had

25 received back wage payments in resolution of WHD's Second

26 Investigation to return these payments in the form of illegal

27 'kickbacks' following the distribution of these back wage

28 payments to Defendants' employees."  (FAC ¶ 37.)  This paragraph

1   is incorporated by reference into Count I for interference with

2   FLSA rights; Count III for violation of minimum wage

3   requirements; and Count IV for violation of overtime wage

4   requirements.  (See FAC ¶¶ 65, 71, 74.)  Defendants only contest

5   the inclusion of kickback allegations as to Counts III and IV.

6   (See Def.'s Mem. at 4.)

7           Plaintiff alleges that the kickbacks constitute new

8   wage violations occurring after the Agreement Period under a

9   regulation providing:

10          Whether in cash or in facilities, "wages" cannot be
            considered to have been paid by the employer and received by
11          the employee unless they are paid finally and
            unconditionally or "free and clear."  The wage requirements
12          of the Act will not be met where the employee "kicks-back"
            directly or indirectly to the employer or to another person
13          for the employer's benefit the whole or part of the wage
            delivered to the employee.
14

15  29 C.F.R. § 531.35.  Under this regulation, "there would be a

16  violation of the Act in any workweek when the cost of [the

17  kickbacks] cuts into the minimum or overtime wages required to be

18  paid [the employee] under the Act."  Id.; see also Rivera v. Peri

19  & Sons Farms, Inc., 735 F.3d 892, 897 (9th Cir. 2013) (to the

20  extent that kickbacks "lower an employee's wages below the

21  minimum wage, they are unlawful").  In other words, when a

22  kickback is at issue, a plaintiff must allege an underlying

23  minimum or overtime wage violation caused by the kickback.  See

24  id.; Layton v. Mainstage Mgmt., Inc., No. 3:21-cv-1636-N, 2022 WL

25  2760533, at *3 (N.D. Tex. May 3, 2022) ("the cited regulation

26  does not independently authorize recovery of 'kickback'

27  payments," but rather the plaintiff must prove that the kickback

28  "caused their pay to fall below minimum wage").

1          Defendants' alleged conduct in obtaining kickbacks may

2    very well constitute a FLSA violation.  <u>See</u> <u>Stein v. HHGREGG,</u>

3    <u>Inc.</u>, 873 F.3d 523, 531 (6th Cir. 2017) ("Under the regulations,

4    it would be unlawful for an employer to require an employee to

5    return wages already 'delivered to the employee.'") (quoting 29

6    C.F.R. § 531.35).  The question here is whether that alleged

7    violation occurred during the Agreement Period (in which case it

8    is precluded), or at the time the employees returned the back

9    wages to defendants.

10         Crucially, the First Amended Complaint does not allege

11   that the kickbacks were causally connected to any minimum or

12   overtime wage violation occurring after the Agreement Period.

13   But even if plaintiff had identified a correlate wage violation

14   occurring after the Agreement Period, the court rejects

15   plaintiff's argument that the court can treat the kickbacks as a

16   deduction from employees' wages owed at the time of kickback--

17   i.e., wages earned after the Agreement Period.  The regulation

18   provides that wages "cannot be considered to have been paid" if

19   they are later kicked-back.  29 C.F.R. § 531.35.  If the

20   employees returned their Agreement Period back wages, defendants

21   would be considered to have never paid those wages, which were

22   earned during the Agreement Period.  Thus, the alleged kickbacks

23   would create anew a violation of FLSA's wage requirements <u>as to</u>

24   <u>the Agreement Period</u>.

25         Plaintiff has not cited, nor has the court found, any

26   authority applying the regulation in the way plaintiff's

27   opposition suggests.  However, <u>Donovan v. Crisostomo</u>, 689 F.2d

28   869 (9th Cir. 1982), while it does not explicitly cite the

1    regulation at issue, is instructive.  In <u>Donovan</u>, the employer

2    deducted employees' overtime wages from their straight time

3    wages.  The court characterized this kickback as a violation of

4    the overtime wage requirement, even though the deduction was from

5    non-overtime wages.  <u>Id.</u> at 876.  Analogously, the alleged

6    kickback of Agreement Period back wages--even though it occurred

7    during a later pay period--should be viewed as a violation of

8    wage requirements applying to the Agreement Period.

9         Accordingly, plaintiff's kickback allegations under

10   Counts III and IV concern violations occurring during the

11   Agreement Period and are barred by the parties' Second Agreement.

12        IT IS THEREFORE ORDERED that defendants' motion to

13   strike (Docket No. 25) be, and the same hereby is, DENIED.  IT IS

14   FURTHER ORDERED that Defendant's alternative motion to dismiss

15   (Docket No. 25) be, and the same hereby is, GRANTED, to the

16   extent that the First Amended Complaint alleges violations by SL

17   One Global occurring before February 19, 2020.

18        Plaintiff has twenty days from the date of this Order

19   to file a second amended complaint.  On amendment, plaintiff

20   shall (1) clarify that no claims are brought against SL One

21   Global for violations occurring prior to February 19, 2020, and

22   (2) remove allegations of kickbacks of Agreement Period back

23   wages from Counts III and IV to the extent that they allege

24   violations by SL One Global.

25   Dated:  December 15, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

8