UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JULIE A. SU[1], Acting Secretary of Labor, United States Department of Labor,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SL ONE GLOBAL, INC., dba VIVA SUPERMARKET, a California corporation; SMF GLOBAL, INC. dba VIVA SUPERMARKET, a California corporation, NARI TRADING, INC., dba VIVA SUPERMARKET; UNI FOODS, INC., dba VIVA SUPERMARKET, a California corporation; SEAN LOLOEE, an individual, and as owner and managing agent of the Corporate Defendants; and KARLA MONTOYA, an individual, and managing agent of the Corporate Defendants,<br><br>　　　　Defendants. | No. 2:22-cv-00583 WBS AC<br><br>MEMORANDUM AND ORDER RE: COUNTER-DEFENDANT UNITED STATES DEPARTMENT OF LABOR'S MOTION TO DISMISS |

---

[1]　　Pursuant to Federal Rule of Civil Procedure 25(d), Acting Secretary of Labor Julie A. Su has been substituted for former Secretary of Labor Martin J. Walsh.

1

| | |
|---|---|
| 1 | |
| 2 | SEAN LOLOEE; SL ONE GLOBAL, INC. dba VIVA SUPERMARKET; SMF GLOBAL, INC. dba VIVA SUPERMARKET; NARI TRADING, INC. dba VIVA SUPERMARKET; and UNI FOODS, INC., |
| 3 | |
| 4 | |
| 5 | |
| 6 | Counter-Claimants, |
| 7 | v. |
| 8 | UNITED STATES DEPARTMENT OF LABOR; and VERONICA VILLAMOR, |
| 9 | Counter-Defendants. |

----oo0oo----

        Plaintiff Julie A. Su, in her capacity as Acting Secretary of the United States Department of Labor, brings this action against defendants SL One Global, SMF Global, Nari Trading, and Uni Foods, all of which allegedly do business as Viva Supermarket (the "corporate defendants"); Sean Loloee; and Karla Montoya, alleging various ongoing violations of federal labor laws at grocery stores operated by defendants.  (Second Am. Compl. (Docket No. 46).)

        Sean Loloee and the corporate defendants brought two counterclaims against the United States Department of Labor and Veronica Villamor.  The first counterclaim is brought pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging that Villamor and other Department of Labor employees engaged in a politically-motivated investigation of Loloee that involved unwarranted searches and seizures in violation of Loloee's Fourth Amendment rights.  The second counterclaim is brought under the Freedom of Information

Act ("FOIA"), 5 U.S.C. § 552, alleging that the Department of Labor failed to produce documents responsive to counterclaimants' FOIA request.  (Docket No. 48.)  Counter-defendant United States Department of Labor now moves to dismiss both counterclaims, or in the alternative moves for summary judgment on the FOIA counterclaim.  (Docket No. 51.)[2]

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal when a complaint or counterclaim fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6); Levitt v. Yelp! Inc., 765 F.3d 1123, 1135 (9th Cir. 2014).  The inquiry before the court is whether, accepting the allegations in the counterclaim as true and drawing all reasonable inferences in the plaintiff's favor, the counterclaim has stated "a claim to relief that is plausible on its face."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Levitt, 765 F.3d at 1135.

Loloee and the corporate defendants bring their counterclaims against new parties, namely the United States Department of Labor and Veronica Villamor, rather than plaintiff Julie Su.[3]  This is procedurally improper, as a counterclaim

---

[2]  The court does not recite a full background of the case as it has done so in a prior order.  (See Docket No. 17.)

[3]  Loloee and the corporate defendants argue that Acting Secretary of Labor Julie Su is "not distinguishable" from the Department of Labor.  (See Opp'n at 7.)  While they are correct in a practical sense -- this action is being litigated using the resources and personnel of the Department of Labor -- there are numerous contexts in which it is necessary to make the formalistic distinction between an agency head and the agency itself for pleading purposes.

As relevant here, it is necessary to distinguish between the Secretary of Labor and the Department of Labor in the context of a FOIA claim, which must be brought against a federal agency, not against federal officials.  See Drake v. Obama, 664

cannot be asserted solely against new parties, but rather must also be asserted against an existing opposing party. See Fed. R. Civ. P. 13; Championship Prop. LLC v. Coan, No. 20-13728, 2022 WL 4455208, at *5 (11th Cir. Sept. 26, 2022) (citing Bowling v. U.S. Bank Nat'l Ass'n, 963 F.3d 1030, 1032 (11th Cir. 2020)) (explaining that where defendants brought purported "counterclaims" against new parties only and not against the original plaintiff, "the 'counterclaims' weren't really counterclaims at all"); Luma Pictures, Inc. v. Betuel, No. 16-cv-2625 GW PLA, 2016 WL 11519331, at *6 n.4 (C.D. Cal. Sept. 29, 2016) (citing William W. Schwarzer et al., Cal. Prac. Guide: Fed. Civ. Proc. Before Trial § 8:1217 (2012)) ("at least one of the parties" the counterclaim is asserted against "must be an opposing party"); Hawkins v. Berkeley Unified Sch. Dist., 250 F.R.D. 459, 462 (N.D. Cal. 2008) (quoting 6 Charles A. Wright et al., Fed. Prac. & Proc. Civ. § 1435, at 270-71 (2d ed. 1990)) ("A Rule 13(h) 'counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action but must involve at least one existing party.'") This defect is fatal to both the FOIA and Bivens counterclaims.

---

F.3d 774, 785–86 (9th Cir. 2011) (affirming dismissal of FOIA claims because defendants were "individuals, not agencies"); see also Batton v. Evers, 598 F.3d 169, 173 n.1 (5th Cir. 2010) (cited with approval in Drake, 664 F.3d at 786) ("A FOIA plaintiff may not assert a claim against an individual federal official; the proper defendant is the agency."); Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) (cited with approval in Drake, 664 F.3d at 786) ("[T]he district court properly dismissed the named individual defendants because no cause of action exists that would entitle appellant to relief from them under . . . FOIA," which "concern[s] the obligations of agencies as distinct from individual employees in those agencies").

4

See Hawkins, 250 F.R.D. at 463.

IT IS THEREFORE ORDERED that counter-defendant Department of Labor's motion to dismiss (Docket No. 51) be, and hereby is, GRANTED as to both counterclaims.[4]

Dated: April 4, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4] Because the court grants the Department of Labor's motion to dismiss the counterclaims, it need not address its alternative motion for summary judgment on those counterclaims.